UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

SUZANNE WRIGHT, Individually and )
   As TRUSTEE, MARTIN'S COVE )
REALTY TRUST )
   Plaintiff )
  )
vs )
  )
WILLIAM ROBERT MEARA and )
BRENDA MEARA, )
   Defendants )

04 10211 RCL

MAGISTRATE JUDGE Cohen

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 1-29-04

### VERIFIED COMPLAINT AND JURY DEMAND

1. Plaintiff Suzanne Wright is a natural person residing in San Jose, California.

2. Plaintiff Suzanne Wright is and was the Trustee of Martin's Cove Realty Trust.

3. Defendant William Robert Meara is a natural person residing, upon information and belief, in Marstons Mills, Massachusetts.

4. Defendant Brenda Meara is a natural person residing, upon information and belief, in Marstons Mills, Massachusetts.

### VENUE

5. Pursuant to 28 U.S.C. § 1391, venue is proper because the Defendants reside in the District of Massachusetts.

### JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiff, a resident of California, and

Defendants, who reside in Massachusetts, and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

7. Prior to June, 1992, Defendant Brenda Meara, along with several other individuals, provided personal care and other services to Plaintiff Suzanne Wright's mother, Irene Thibodeau, and father, Paul H. Thibodeau, who were very ill.

8. Eventually, it was decided that using one person, rather than using different people, to provide services would be preferable. Defendant Brenda Meara was asked if she would provide assistance on a 24 hour per day basis, and move into the premises at 21 Martin's Cove Road, Hingham, Massachusetts to provide the needed care.

9. Defendant Brenda Meara agreed to provide the care, and to move into the premises along with her husband, Defendant William Robert Meara.

10. At that time, the premises at 21 Martin's Cove Road, Hingham, Massachusetts (hereinafter "the property" were owned by Paul H. Thibodeau.

11. Defendant Brenda Meara provided care to Paul H. Thibodeau at the property for approximately five years prior to his death.

12. Paul H. Thibodeau died on March 5, 1993.

13. In preparation for the probating of her father's estate and other similar duties, Plaintiff had the property appraised.

14. Its value, according to the appraisal, was approximately Six Hundred Thousand Dollars ($ 600,000.00).

15. Defendants continued to live in the premises, and expressed a desire to have an ownership interest in the property.

16. In recognition of the services provided by Brenda Meara, Plaintiff agreed to a mechanism by which the Defendants could obtain an ownership interest in the property.

17. Plaintiff and Defendant William Robert Meara entered into a Partnership Agreement dated as of January 1, 1995. A true and correct copy of that Partnership Agreement is annexed hereto as Exhibit 1.

18. In furtherance of the Agreement, Plaintiff executed a Declaration of Trust, in the form of Exhibit 2 hereto, entered into on or about the 17th day of March, 1995.

19. Defendants did not make all of the payments outlined in Exhibit 1. By the spring of 2003, they had made payments totaling approximately $ 68,700.00, whereas, if the terms of Exhibit 1 were followed, Defendants would have paid $ 192,000 by the spring of 2003.

20. In early 2003, Defendants represented to Plaintiff that they desired to buy the property, and to make the property their residence for the foreseeable future.

21. On or about January 15 - 18, 2003, Defendants traveled to California, and met with the Plaintiff to discuss the possible sale of the premises to them.

22. Plaintiff specifically inquired whether the Defendants were planning on selling the property, and suggested that, if the property were to be sold immediately, the sale proceeds should go to the Trust and Partnership.

23. The Defendants denied that they intended to sell the property, and represented that they intended to live there for the foreseeable future.

24. Based upon, and in reliance on, Defendants' representations that they would not sell the property in the foreseeable future, and that the Defendants would live on the premises for the foreseeable future, Plaintiff agreed to sell the property to the Defendants for Six Hundred Thousand Dollars ($ 600,000.00).

25. Plaintiff knew she had agreed to sell the property for its value as of 1995, which she realized was less than the fair market value of the property in 2003, again in recognition of the service Brenda Meara had provided for Plaintiff's father, and because of the Defendants' representations that they wanted the property as their residence.

26. Because she had lived in California for a number of years, Plaintiff was not aware of the full extent to which real estate values in Massachusetts had grown.

27. Under the terms of the Partnership Agreement, because Defendants were living in the property, they were obligated to, and did, pay real estate taxes on the property, among other expenses. Accordingly, the Defendants must have been aware of the assessed value of the property.

28. As of January 1, 2003, the Defendants knew or should have known that the assessed value of the property was in excess of $ 2,300,000.00.

29. On March 11, 2003, Plaintiff executed a Quitclaim Deed, conveying the premises to Defendant William Robert Meara for Six Hundred Thousand Dollars ($ 600,000.00). A true and correct copy of that deed is annexed hereto as Exhibit 3.

30. Upon information and belief, Defendants had, by June 18, 2003, listed the property for sale with a real estate broker, Patty Byrne, of Hingham Centre Ltd., as the Property was the subject of an article which appeared in the local newspaper on that date, which article indicated a listing price of Three Million Two Hundred Fifty Thousand Dollars ($ 3,250,000.00). A copy of that newspaper article is attached hereto as Exhibit 4.

31. Plaintiff has been informed that, on or about August 29, 2003, Defendant William Robert Meara executed a quitclaim deed, selling the property to Michael G. Smith and Elizabeth S. Smith for Two Million Eight Hundred Fifty Thousand and Eighty-eight Dollars ($ 2,850,088.00). A copy of that deed as recorded in the Plymouth County, Massachusetts Registry of Deeds is annexed hereto as Exhibit 5.

32. Plaintiff has been informed that, on or about August 29, 2003, William and Brenda Meara purchased a property located at 190 Flume Avenue, Barnstable, Massachusetts, for Eight Hundred Eighty-Five Thousand Dollars ($ 885,000.00). A copy of the deed for that purchase is annexed hereto as Exhibit 6.

33. The Defendants have therefore netted, in addition to the Flume Avenue property, approximately $ 1,965,088.00 of the proceeds from the sale of the Property.

## COUNT I
## FRAUD
(vs. William Robert Meara)

34. Plaintiff repeats and incorporates all of the allegations of Paragraphs 1 through 33 above as though fully restated herein.

35. Defendant's representations were known by him to be false at the time he made them.

36. Defendant intended that Plaintiff rely on his misrepresentations.

37. Plaintiff reasonably relied upon Defendant's misrepresentations.

38. As a result, Plaintiff has been harmed.

COUNT II
FRAUD
(vs. Brenda Meara)

39. Plaintiff repeats and incorporates all of the allegations of Paragraphs 1 through 33 above as though fully restated herein.

40. Defendant's representations were known by her to be false at the time she made them.

41. Defendant intended that Plaintiff rely on her misrepresentations.

42. Plaintiff reasonably relied upon Defendant's misrepresentations.

43. As a result, Plaintiff has been harmed.

COUNT III
BREACH OF CONTRACT
(vs. William Robert Meara)

44. Plaintiff repeats and incorporates all of the allegations of Paragraphs 1 through 38 above as though fully restated herein.

45. Plaintiff and Defendants entered into an agreement, pursuant to the terms of which each of the Plaintiff and the Defendants would contribute the value of Six

Hundred Thousand Dollars ($ 600,000), and the Plaintiff and the Defendants would share the proceeds resulting from any sale of the property equally.

46. Plaintiff has performed her obligations under the agreement between the parties.

47. Defendant has failed to perform his obligations under the agreement between the parties.

48. As a result of the breach of contract by the Defendant, Plaintiff has been harmed.

## COUNT IV
## BREACH OF FIDUCIARY DUTY
(vs. William Robert Meara)

49. Plaintiff repeats and incorporates all of the allegations of Paragraphs 1 through 38 and 44 through 48 above as though fully restated herein.

50. As Plaintiff's partner, Defendant owed a fiduciary duty to Plaintiff.

51. Defendant failed to disclose to Plaintiff the true value of the property.

52. Defendant failed to disclose to Plaintiff his intention to immediately resell the property.

53. Defendant misrepresented to his partner, the Plaintiff, his intentions with respect to the property.

54. Defendant failed to share the proceeds of the sale of the property with his partner.

55. These actions, and others, were in breach of Defendant's fiduciary duty to Plaintiff, his partner.

56. As a result, Plaintiff has been harmed.

## COUNT V

UNJUST ENRICHMENT
(vs. William Robert Meara)

57. Plaintiff repeats and incorporates all of the allegations of Paragraphs 1 through 38 and 44 through 56 above as though fully restated herein.

58. As a result of Defendant's actions, Defendant has been unjustly enriched, at the expense of the Plaintiff.

59. As a result, Plaintiff has been harmed.

COUNT V
UNJUST ENRICHMENT
(vs. Brenda Meara)

60. Plaintiff repeats and incorporates all of the allegations of Paragraphs 1 through 33 and 39 through 43 above as though fully restated herein.

61. As a result of Defendant's actions, Defendant has been unjustly enriched, at the expense of the Plaintiff.

62. As a result, Plaintiff has been harmed.

WHEREFORE, Plaintiff prays for the following relief:

1. A Temporary Restraining Order, precluding Defendants from disposing of any real property, or spending any amount in excess of $ 500.00 other than mortgage payments, without further order of the Court;

2. A Preliminary Injunction, precluding Defendants from disposing of any real property, or spending any amount in excess of $ 500.00 other than mortgage payments, without further order of the Court;

8

3. Impose a constructive trust on all proceeds resulting from the sale of the property, and order those proceeds transferred to Martin's Cove Realty Trust;

4. Award general and special damages in an amount to be proven at trial;

5. Award reasonable attorney's fees, interest, and costs of this action;

6. Such other relief as this Court deems fair and just.

## JURY DEMAND

Plaintiff requests trial by jury as to all applicable issues.

Respectfully submitted
Suzanne Wright, individually and
Trustee of Martin's Cove Realty Trust
By her attorneys

_____
Scott L. Machanic   BBO # 311120
Cunningham, Machanic, Cetlin,
    Johnson & Harney, LLP
220 N. Main Street
Natick, MA 01760
(781) 237-7030

## VERIFICATION

I hereby certify that I have reviewed all of the allegations contained in the above Verified Complaint, and the allegations are true and correct, based upon my personal knowledge, except as indicated as being upon information and belief.

Signed under the pains and penalties of perjury this 7th day of January, 2004.

_Suzanne Wright_
Suzanne Wright

217475