UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE WRIGHT, Individually and as TRUSTEE, MARTIN'S COVE REALTY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ROBERT MEARA and BRENDA MEARA,<br><br>Defendants. | C.A. No. 04-10211RCL |

## DEFENDANTS WILLIAM ROBERT MEARA AND BRENDA MEARA'S OPPOSITION TO PLAINTIFF'S MOTION FOR WRIT OF ATTACHMENT

### Introduction

This Opposition to Plaintiff's Motion for Writ of Attachment is submitted pursuant to Federal Rule of Civil Procedure 64 and Massachusetts Rule of Civil Procedure 4.1 by Defendants William Robert Meara and Brenda Meara (collectively the "Mearas"). As grounds for their Opposition, the Mearas state that Plaintiff has not demonstrated a reasonable likelihood of success on the merits of her claims. Therefore, the Mearas request that Plaintiff's motion be denied.

### Statement of Facts

Defendants refer the Court to the Statement of Facts contained in their Memorandum in Support of their Motion to Dismiss, which is incorporated herein by reference.

## Argument

A.  <u>Standard of Review</u>

Rule 64 of the Federal Rules of Civil Procedure provides for the remedy of attachment in the manner provided by the law of the state in which the district court is held. Fed. R. Civ. P. 64; <u>Hamilton v. Arnold</u>, 135 F. Supp. 2d 99, 104 (D. Mass. 2001). Pursuant to Rule 4.1 of the Massachusetts Rules of Civil Procedure, an attachment may only be entered upon a finding that "there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment." Mass. R. Civ. P. 4.1. The moving party, in addition to demonstrating a likelihood of prevailing on the merits of the claims, must also submit affidavits setting forth "specific facts sufficient to warrant the required findings" based on her own knowledge, information and belief. <u>Id</u>. at 4.1(c) & (h); <u>Hamilton</u>, 135 F. Supp. 2d at 104.

B.  <u>Wright cannot demonstrate a reasonable likelihood of success on each of her claims</u>

For the reasons set forth in the Mearas' Motion to Dismiss, which are incorporated herein by reference, Wright cannot demonstrate a likelihood of success on the merits of her claims. First, as the entire action is based on an alleged oral promise concerning real property, it is barred by the Statute of Frauds. Second, Wright's fraud claim fails as a matter of law because it is not plead with particularity and because a representation promissory in nature cannot form the basis of a fraud claim. Third, Wright's breach of contract, breach of fiduciary duty and unjust enrichment claims against Mr. Meara fail because the Partnership ended when Mr. Meara purchased the Property outright. Finally, Wright's unjust enrichment claim against Mrs. Meara fails because Mrs. Meara was not a party to the Partnership Agreement or Quitclaim Deed and did not obtain any benefit at Wright's expense.

2

Even if the Court does not allow the Motion to Dismiss, however, Wright's Motion for Writ of Attachment should still be denied because she fails to satisfy the more stringent test set forth in Rule 4.1.[1] While the threshold for surviving a Motion to Dismiss may be low, in order to succeed on her Motion for Writ of Attachment, Wright must set forth specific facts which demonstrate a reasonable likelihood of success on the merits of each claim. Tunnicliff v. Motel 6, OLP, 178 F.R.D. 8, 9 (D. Mass. 1998). The central question is whether Wright is likely to prevail on the merits and obtain damages in the necessary amount. Hamilton, 135 F. Supp. 2d at 104. Wright has failed to meet this standard. Her allegations are not specific, center on a vague promise, and are often based on information and belief. Therefore, Wright's Motion should be denied.

## Conclusion

WHEREFORE, for the foregoing reasons, the Mearas request that the Motion for Writ of Attachment be denied.

WILLIAM ROBERT MEARA
BRENDA MEARA

By their attorneys,

Marc C. Laredo, BBO#543973
Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on 3/25/04

Dated: March 25, 2004

---

[1] Additionally, the Court would be warranted in denying Wright's Motion on the grounds that she did not conduct a conference with Defendants prior to filing this Motion as required by Local Rule 7.1(A)(2). It is also worth noting that this Court denied Plaintiff's Motion for a Temporary Restraining Order by which she sought to restrain the Mearas from disposing of or encumbering their real property and other assets.

3