UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10211-RCL

SUZANNE WRIGHT, Individually and )
    As TRUSTEE, MARTIN'S COVE )
    REALTY TRUST )
        Plaintiff )
 )
vs )
 )
WILLIAM ROBERT MEARA and )
BRENDA MEARA, )
        Defendants )

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS WILLIAM ROBERT MEARA AND BRENDA MEARA

Now comes the Plaintiff and hereby states her opposition to Defendants' Motion to Dismiss.

### FACTUAL BACKGROUND

For many years, Defendant Brenda Meara took care of Plaintiff's parents. For five years, ending in March of 1993, she tended to Plaintiff's father, until his death. Defendants lived in Plaintiff's parents' home. Following the death of Plaintiff's parents, on January 1, 1995, Plaintiff and Defendant William Robert Meara entered into a partnership agreement, so that the Defendant could obtain an equity interest in the house where Defendants had lived.

In January of 2003, the Mearas expressed an interest in buying the property outright. The specifics of that conversation are described in detail in paragraphs 20-24 of Plaintiff's Amended Complaint:

20. In early 2003, Defendants represented to Plaintiff that they desired to buy the property, and to make the property their residence for the foreseeable future.

21. On or about January 15 - 18, 2003, Defendants traveled to California, and met with the Plaintiff to discuss the possible sale of the premises to them.

22. Plaintiff specifically inquired whether the Defendants were planning on selling the property, and suggested that, if the property were to be sold immediately, the sale proceeds should go to the Trust and Partnership.

23. The Defendants denied that they intended to sell the property, and represented that they intended to live there for the foreseeable future.

24. Based upon, and in reliance on, Defendants' representations that they would not sell the property in the foreseeable future, and that the Defendants would live on the premises for the foreseeable future, Plaintiff agreed to sell the property to the Defendants for Six Hundred Thousand Dollars ($ 600,000.00).

Two months later, on March 11, 2003, Plaintiff conveyed the property to Defendant William Robert Meara by Quitclaim Deed. (Complaint, ¶29). Three months thereafter, in June of 2003, the Defendants listed the property for sale with a real estate broker, who advertised the property in a local newspaper. (Amended complaint, ¶30). On August 29, 2003, Defendants sold the property for $2,850,000.00. (Amended complaint, ¶31).

Defendants have asserted that the Plaintiff's claims are barred by the statute of frauds, because there was no writing involving the terms of the sale of real estate; that plaintiff's claims for misrepresentation of present intention fail to state a valid claim; that

the complaint fails to plead fraud with particularity; and that the partnership ended upon the sale of the house to William Meara.

Defendants' Motion to Dismiss should be denied because partial performance estops reliance on a defense of statute of frauds; misrepresentation of present intention does in fact state a valid cause of action under either Massachusetts or California law; the complaint sufficiently apprised the Defendants of the allegations against them so that they can prepare their defense; and the breaches of fiduciary duty at issue here occurred while the partnership was still in force, and, though the partnership might later have been dissolved, the partnership still has legal existence until it has been wound down.

## PARTIAL PERFORMANCE, OR DETRIMENTAL RELIANCE, ESTOPS ASSERTION OF THE STATUTE OF FRAUDS

Partial performance, or detrimental reliance, estops a Defendant from pleading the statute of frauds. Gordon v. Anderson, 348 Mass. 787, 204 N.E.2d 501 (1965); Andrews v. Charon, 289 Mass. 1, 193 N.E. 737 (1935). For example, the Massachusetts Appeals Court has opined that

> [a] contract for the transfer of interest in land may be specifically enforced notwithstanding failure to comply with Statute of Frauds if it is established that party seeking enforcement, in reasonable reliance on the contract and on continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement.

Barber v. Fox, 36 Mass.App.Ct. 525, 530, 632 N.E.2d 1246, 1249 (1994).

The law in California is identical. See, e.g., Tenzer v. Superscope, Inc., 39 Cal.3d 18, 702 P.2d 212, 216 Cal.Rptr. 130 (1985).[1]

In this case, Plaintiff has alleged an oral promise by the Defendants that they would live in the property, rather than sell the Plaintiff's family home. That oral promise was just one term of an agreement between the parties, pursuant to which the Plaintiff agreed to sell the involved property to the Defendants for $600,000.00. It is apparently not disputed that Plaintiff not only partially performed, but completely performed her obligations under that agreement, and in fact deeded the premises to the Defendant. Therefore, if these allegations are true (and, for the present purposes, the Court must assume they are true[2]), Defendants are estopped from relying on the Statute of Frauds.

Nothing in Bendetson v. Coolidge, 7 Mass.App.Ct. 798, 390 N.E.2d 1124 (1997), cited by the Defendants, is to the contrary. There, the seller's alleged oral promise to build on adjoining parcels of land in conformance with a written site plan was barred by an integration clause in the contract, rather than by the statute of frauds. In the present case, not only is there no integration clause in the Quitclaim Deed (which apparently is the only written document concerning the transaction), but also the Quitclaim Deed cites

---

[1] The Court should bear in mind that the Defendants traveled to California, and made their misrepresentations in that state. Arguably, California law should apply. However, because the law in California and in Massachusetts appear to be identical for the issues raised by the Defendants, we need not determine which jurisdiction's law applies.

[2] "In considering a motion to dismiss, a court must take the allegations in the [non-moving party's pleading] as true and must make all reasonable inferences in favor of the [non-moving party]. Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993). The non-moving party's pleading "should not be dismissed for failure to state a claim unless it appears beyond a doubt that [the non-moving party] can prove no set of facts in support of [its] claim which would entitle [it] to relief.... (Citation omitted). A court's inquiry is a limited one, focusing not on whether the plaintiff will ultimately prevail but on whether the plaintiff should be entitled to offer evidence to support a claim. Moghaddam v. Dunkin' Donuts, Inc., 295 F.Supp.2d 136, 138-139 (2003).

as consideration the $600,000.00 "and other good and valuable consideration paid." The document itself shows that there was other consideration beyond the money.

### MISREPRESENTATION OF PRESENT INTENTION CAN CONSTITUTE FRAUD

In the present case, Defendants promised Plaintiff that they would not sell the property, but rather would continue to live in Plaintiff's parents' home "for the foreseeable future." In reliance on that promise, Plaintiff deeded the property. However, Defendants immediately listed the property with a real estate broker, advertised it for sale, and sold it, all in less than six months. In this situation, it appears that the Defendants, at the very time they represented an intention to live in the property long-term and not sell it, in fact intended to sell it shortly after acquiring it.

> Massachusetts law clearly states that statements of present intention as to future conduct may be the basis for a fraud action if, as the jury could have found to be the case here, the statements misrepresent the actual intention of the speaker and were relied upon by the recipient to his damage.

McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 709, 563 N.E.2d 188, 192 (1990).

California law is the same, as

> the "better rule" is found in "Comment (c) to Section 530 of the Restatement Second of the Law of Torts [which] states that a representation of one's intention is actionable even when 'the agreement is oral and made unenforceable by the statute of frauds, *or when it is unproveable and so unenforceable under the parole evidence rule.*'"

Blitz v. Fluor Enterprises, Inc., 115 Cal.App.4th 185, 193, 8 Cal.Rptr.3d 833, 839 (2004). In fact, California law specifically recognizes an action for "promissory fraud."

5

> "Promissory fraud" is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud.... An action for promissory fraud may lie where a Defendant fraudulently induces the Plaintiff to enter into a contract.... ["tort of deceit" adequately pled where Plaintiff alleges "defendant intended and did induce Plaintiff to employ him by making promises... he did not intend to... perform...."]... In such cases, plaintiff's claim does not depend upon whether the defendant's promise is ultimately enforceable as a contract. "If it is enforceable the [plaintiff]... has a cause of action in tort as an alternative at least, and perhaps in some instances in addition to his cause of action on the contract.'"

Lazar v. Superior Court, 12 Cal.4th 631, 638, 909 P.2d 981, 985, 49 Cal.Rptr.2d 377, 381 (1996).

As noted in footnote 2 above, the Court must take the well pleaded allegations in the complaint as true and must make all reasonable inferences in favor of the Plaintiffs. A fact finder could well find that the Defendants traveled to California in January of 2003 to convince the Plaintiff that they desired to make the property their home in the long term, while at that very instant intending to sell quickly. Under these circumstances, the fact finder could reasonably return a verdict in favor of the Plaintiff based on fraud.

### FRAUD HAS BEEN PLED WITH SUFFICIENT PARTICULARITY

> Rule 9(b) requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, *intent* [and] knowledge...may be averred generally." Fed.R.Civ.P. 9(b) (emphasis added). The First Circuit interprets "Rule 9(b) to require 'specification of the time, place, and content of an alleged false representation.'" (citation omitted)

Davidson v. Cao, 211 F. Supp.2d 264, 285-286 (D.Mass 2002).

The purpose behind the Rule 9(b) particularity requirement is to provide defendants "with sufficient notice to prepare a meaningful response." Id. at 287. The plaintiff

> must, at a minimum, set forth the "'who, what, when, where and how' of the alleged fraud".... To pass Rule 9(b) muster, the complaint must plead with particularity the time, place and contents of the false representations as well as the identity of the person making the false representations and what he obtained from them... The particularity requirement of Rule 9(b) serves the purposes of enabling defendants to prepare meaningful defenses to charges of fraud, preventing conclusory allegations of fraud from serving as a basis for strike suits and fishing expeditions and protecting defendants from groundless charges that may damage their reputations.... The requirements of Rule 9(b), however, must be read in conjunction with that R.Civ.P. 8(a), which requests "a short and plain statement of the claim" for relief. Thus, while... [the plaintiff] must allege the circumstances of the fraud, he is not required to plead all of the evidence or facts supporting it.

United States v. Parke-Davis, Division of Warner-Lambert Co., 147 F.Supp.2d 39, 46-47 (D.Mass 2001).

In the present case, we know the who – the Defendants. We know the where – in California, at a meeting with Plaintiff. We know the when – January 15-18, 2003. We know the what – Defendants' desire to buy the property, their stated intention to make the property their residence for the foreseeable future, and their specific representation that they did not intend to sell the property. We know the harm – Plaintiff's detrimental reliance on those representations, by selling the property to the Defendant for substantially less than fair market value.

In this case, Plaintiff has more than apprised the Defendants as to the facts required to permit them to prepare a defense to the claims.

## A PARTNERSHIP CONTINUES UNTIL WINDING UP OF THE PARTNERSHIP'S AFFAIRS IS COMPLETED

Defendants argue that Plaintiff's breach of fiduciary duty claims fail because the partnership was dissolved upon the sale of the property. This argument is specious at several levels. First, Mr. Meara breached his fiduciary duty in several manners, and at several times, most of them prior to the alleged partnership dissolution at the sale of the property to him. He breached his fiduciary duty when he convinced the Plaintiff to sell the property at less than fair market value by representing that he did not intend to sell in the foreseeable future, when he knew that he in fact intended exactly that. Those actions took place before the date Defendants argue the partnership was dissolved.

Secondly, Defendants confuse the distinction between dissolution and termination of a partnership. "On dissolution, the partnership is not terminated, but continues until the winding up of partnership affairs is completed." M.G.L. Ch. 108(a), §30. "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated with the carrying on as distinguished from the winding up of the business." M.G.L. Ch. 108, §29.

The partnership had a right to receive fair market value for the property, but for Defendants' breach of their fiduciary duty. The partnership's claims against the Defendants for breach of that fiduciary duty are "winding up" actions. Furthermore, "the dissolution of the partnership does not of itself discharge the existing liability of any partner." M.G.L. Ch. 108(a), §36.

Furthermore, the statutory section cited by the Defendants, in support of their contention that the partnership was dissolved at the time of the sale of the property, specifically states that the dissolution must be caused "without violation of the agreement

8

between the partners." M.G.L. Ch. 108(a), §31. Plaintiff has alleged that there was a violation of the agreement between the partners, and therefore M.G.L. c. 108A, § 31(1)(a) does not apply.

### BRENDA MEARA WAS UNJUSTLY ENRICHED

The unjust enrichment claim does not require that Brenda Meara be a party to the partnership agreement or to the quitclaim deed. Rather, it only requires that she has retained the benefit, against the fundamental principles of justice or equity in good conscience, as admitted by the Defendants in their motion. Brenda Meara was a participant in the meeting at which the representations that the Mearas would live in the property took place. She was a participant in the actions which led to the Plaintiff's sale to her and her husband for less than fair market value, and their subsequent enrichment by "flipping" the property. In these circumstances, the Court could find that justice, equity, and/or good conscience require that she not retain the benefits of her malfeasance.

### THE MOTION SHOULD BE DENIED

Because Plaintiff's performance precludes application of the statute of frauds, because statements of present intention can form the basis for a fraud claim, because the fraud has been pled with sufficient particularity, because the alleged dissolution of the partnership has no bearing on these claims, and because Plaintiff has stated the elements of a valid claim for unjust enrichment against Brenda Meara, Defendants' motion to dismiss must be denied.

Respectfully submitted
Suzanne Wright, individually and
Trustee of Martin's Cove Realty Trust
By her attorneys

Scott L. Machanic   BBO # 311120
Robert F. Tenney BBO #565092
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 N. Main Street
Natick, MA 01760
(781) 237-7030

221927

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 4/5/04.

Signed: