UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10211-RCL

SUZANNE WRIGHT, Individually and )
   As TRUSTEE, MARTIN'S COVE )
   REALTY TRUST )
      Plaintiff )
    )
vs )
    )
WILLIAM ROBERT MEARA and )
BRENDA MEARA, )
      Defendants )

**PLAINTIFF'S FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Now comes the Plaintiff and, pursuant to Fed.R.Civ.P. 15(a), hereby moves for leave to file a Second Amended Complaint in the form annexed hereto.

**FACTUAL BACKGROUND**

For many years, Defendant Brenda Meara took care of Plaintiff's parents. For five years, ending in March of 1993, she tended to Plaintiff's father, until his death. Defendants lived in Plaintiff's parents' home. Following the death of Plaintiff's parents, on January 1, 1995, Plaintiff and Defendant William Robert Meara entered into a partnership agreement, so that the Defendant could obtain an equity interest in the house where Defendants had lived.

In January, 2003, Defendants and Plaintiff had discussions about Defendants' purchase of the property outright, for a price far less than fair market value. It is those discussions which form the basis for Plaintiff's fraud, breach of contract, breach of fiduciary duty, and unjust enrichment claims. Those claims are based on allegations that Defendants misrepresented their then-present intention to live in the home for the foreseeable future. It appears those representations were false, as after completion of the sale to William Meara, on March 11, 2003, three months thereafter, in June of 2003, the Defendants listed the property for sale with a real estate broker, who advertised the property in a local newspaper. On August 29, 2003, Defendants sold the property for $2,850,000.00.

Procedural History

Defendants have filed a Motion to Dismiss, based, in part, on assertions that the Complaint failed to plead fraud with particularity, and that Brenda Meara could not be liable for fraud where her husband was the person who uttered the alleged misrepresentations. Following filing of that motion to dismiss, counsel have had a series of discussions, leading to an agreement that Defendants would withdraw their motion to dismiss, and that Plaintiff would file this Motion for Leave to Amend, together with an amended complaint.

The Second Amended Complaint

The Second Amended Complaint, in Paragraphs 20 through 31, provides additional detail as to the precise location where the discussions occurred, who made the statements, and the impact of those statements upon the Plaintiff, in an effort to plead the fraud with greater particularity, as requested by the Defendants.

In addition, Paragraphs 46 through 48 provides the basis upon which Brenda Meara might be held liable, even though her husband actually uttered the misrepresentations. These claims are supported by Maxwell v. Ratcliffe, 356 Mass. 560, 562 (1969) (Where a specific question is asked, there is "a special obligation ... to avoid half truths and to make disclosure..."); Perkins v. Rich, 11 Mass.App.Ct. 317 (1981) (failure to disavow constitutes ratification); Abalan v. Abalan, 329 Mass. 182, 183-184 (1952) ("'To lead a person reasonably to suppose you assent to an oral arrangement is to assent to it...'"); Putnam v. DeRosa, 963 F.2d 480, 483-484 (1st Cir. 1992) (principal liable for harm flowing from misrepresentations of agents with apparent or actual authority).

Finally, Paragraphs 78 and 79 add additional specificity to the claims for unjust enrichment against Brenda Meara, based, in part, on additional facts plead to show how she has been enriched, and, in part, on Taylor Woodrow Blitman Construction Corp. v. Southfield Gardens Co., 534 F.Supp. 340, 347 (D. Mass. 1982) (unjust enrichment has been "recognized where a third person benefits from a contract between two others...").

3

Relief Requested

Rule 15(a) provides that "leave shall be freely given when justice so requires." This Motion is the result of the hard efforts of counsel on both sides to resolve differences about pleading requirements, and to, perhaps, eliminate the need for judicial action as to the sufficiency of the pleadings.

The Court should grant the Motion to Amend.

>Respectfully submitted
>Suzanne Wright
>By her attorneys
>
>Scott L. Machanic   BBO # 311120
>Cunningham, Machanic, Cetlin,
>    Johnson & Harney, LLP
>220 N. Main Street
>Natick, MA 01760
>(781) 237-7030

222214

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____.
Signed: _____

4