UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE WRIGHT, Individually and as TRUSTEE, MARTIN'S COVE REALTY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ROBERT MEARA and BRENDA MEARA,<br><br>Defendants. | C.A. No.: 04-10211RCL |

## DEFENDANT WILLIAM ROBERT MEARA'S ANSWER AND DEMAND FOR TRIAL BY JURY

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant William Robert Meara ("Defendant" or "Mr. Meara") answers the correspondingly numbered paragraphs of the Second Amended Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant admits that Plaintiff was the Trustee of Martin's Cove Realty Trust but denies that Plaintiff is currently the Trustee of said Trust.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Paragraph 5 contains a legal conclusion to which no response is required. Further answering, Defendant admits that he resides in Massachusetts.

6. Paragraph 6 contains a legal conclusion to which no response is required. Further answering, Defendant admits that he resides in Massachusetts and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8. Further answering, Defendant states that Mr. Thibodeau had asked him if he was interested in moving into the house with Mrs. Meara.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits that Brenda Meara provided care to the Thibodeaus and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Defendant admits that he and Brenda Meara resided at Mr. Thibodeau's house and that Defendant and Mr. Thibodeau discussed Mr. Meara buying the house from Mr. Thibodeau.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendant admits to the existence of an agreement with the Plaintiff, entered into on or about January 1, 1995. Further answering, Defendant states that the Partnership Agreement attached as an Exhibit to the Complaint speaks for itself. Further answering, Defendant states that this so-called Partnership Agreement as worded is different from the parties' actual agreement, understandings and course of conduct.

18. Defendant admits that a Trust was formed and denies the remaining allegations contained in paragraph 18. Further answering, Defendant states that the trust document speaks for itself.

19. Defendant denies the allegations contained in paragraph 19.

20. In answering paragraph 20, Defendant states that it is unclear what Plaintiff means by "early 2003." Further answering, Defendant admits that discussions occurred regarding him paying off the mortgage and obtaining clear title to the property and denies the remaining allegations contained in paragraph 20.

21. Defendant admits the allegations contained in paragraph 21.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant admits that Brenda Meara accompanied him to California and was present during some of his conversations with Plaintiff. Defendant denies the second sentence of paragraph 26.

27. Defendant admits the allegations contained in the first sentence of paragraph 27. Defendant denies the second sentence of paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 31. Defendant denies the allegations contained in the second and third sentences of paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Defendant admits that he and Brenda Meara paid the real estate tax bills while they lived in the property and denies the remaining allegations contained in the first sentence of paragraph 33. Defendant denies the allegations contained in the second sentence of paragraph 33.

34. Defendant admits that he was aware of the property's value as of January, 2003 and denies the remaining allegations contained in paragraph 34.

35. Defendant admits the allegations contained in paragraph 35. Further answering, Defendant states that the Deed speaks for itself.

36. Defendant admits the allegations contained in paragraph 36. Further answering, Defendant states that the article speaks for itself.

37. Defendant admits that the property was sold to Michael G. Smith and Elizabeth S. Smith for $2,850,088 by Quitclaim Deed on or about August 29, 2003. In answering the second sentence of paragraph 37, Defendant states that the deed speaks for itself.

38. Defendant admits that he and Brenda Meara purchased a house at 190 Flume Avenue in Barnstable, Massachusetts for approximately $885,000 and denies the remaining allegations contained in the first sentence of paragraph 38. In answering the second sentence of paragraph 38, Defendant states that the deed speaks for itself.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 39.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 44.

46. Paragraph 46 contains a legal conclusion to which no response is required. Further answering, the allegations contained in paragraph 46 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 46.

47. Paragraph 47 contains a legal conclusion to which no response is required. Further answering, the allegations contained in paragraph 47 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 48.

49. The allegations contained in paragraph 49 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 51.

52. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 51.

53. Defendant denies the allegations contained in paragraph 53.

54. In answering paragraph 54, Defendant states that the Partnership Agreement speaks for itself and denies any allegations in Paragraph 54 that are inconsistent with the document itself.

55. In answering paragraph 55, Defendant states that the Partnership Agreement speaks for itself and denies any allegations in Paragraph 55 that are inconsistent with the document itself.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. In answering paragraph 61, Defendant states that the Partnership Agreement speaks for itself and denies any allegations in Paragraph 61 that are inconsistent with the document itself.

62. Defendant denies the allegations contained in paragraph 62.

63. In answering paragraph 63, Defendant states that it is unclear what Plaintiff means by her "obligations." Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 65.

67. Paragraph 67 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 73.

75. Paragraph 75 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 76.

78. Paragraph 78 contains a legal conclusion to which no response is required. Further answering, the allegations contained in paragraph 78 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 78.

79. Paragraph 79 contains a legal conclusion to which no response is required. Further answering, the allegations contained in paragraph 79 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 79.

80. Paragraph 80 contains a legal conclusion to which no response is required. Further answering, the allegations contained in paragraph 80 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 80.

81. The allegations contained in paragraph 81 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 81.

WHEREFORE, Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted above or from which there was a denial for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### First Affirmative Defense

Plaintiff is estopped by her own conduct from bringing this action.

### Second Affirmative Defense

Plaintiff's claims fail to state claims upon which relief can be granted.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred because she has not suffered any damages.

### Sixth Affirmative Defense

Plaintiff's claims are barred because she has failed to mitigate any damages that she claims to have suffered.

### Seventh Affirmative Defense

Certain of Plaintiff's claims are barred by the applicable statutes of limitation.

### Eighth Affirmative Defense

Plaintiff's fraud claims are barred because she has failed to plead them with particularity.

### Ninth Affirmative Defense

Certain of Plaintiff's claims are barred by the statute of frauds.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred because she was paid in full for the property.

### DEMAND FOR JURY TRIAL

DEFENDANT WILLIAM ROBERT MEARA HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

WILLIAM ROBERT MEARA

By his attorneys,

Marc C. Laredo, BBO#543973
Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984

Dated: May 17, 2004

## CERTIFICATE OF SERVICE

I, Lisa Cooney, attorney for Defendants William Robert Meara and Brenda Meara hereby certify that on this date I served the above Answer by causing same to be delivered by first class mail to counsel of record as listed below:

Scott L. Machanic, Esq.
Holly Anderson, Esq.
Cunningham, Machanic, Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760

_____
Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984

Dated: May 17, 2004