UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE WRIGHT, Individually and as TRUSTEE, MARTIN'S COVE REALTY TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM ROBERT MEARA and BRENDA MEARA,<br><br>    Defendants. | C.A. No.: 04-10211RCL |

### DEFENDANT BRENDA MEARA'S ANSWER AND DEMAND FOR TRIAL BY JURY

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Brenda Meara ("Defendant" or "Mrs. Meara") answers the correspondingly numbered paragraphs of the Second Amended Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant admits that Plaintiff was the Trustee of Martin's Cove Realty Trust but denies that Plaintiff is currently the Trustee of said Trust.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Paragraph 5 contains a legal conclusion to which no response is required. Further answering, Defendant admits that she resides in Massachusetts.

6. Paragraph 6 contains a legal conclusion to which no response is required. Further answering, Defendant admits that she resides in Massachusetts and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 8. Further answering, Defendant admits that she was asked to move into the house.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Defendant admits that she and her husband resided at Mr. Thibodeau's house and that discussions were had concerning the Mearas buying the house from Mr. Thibodeau.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17. Further answering, Defendant states that the Partnership Agreement attached as an Exhibit to the Complaint speaks for itself.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18. Further answering, Defendant states that the trust document speaks for itself.

19. Defendant denies the allegations contained in paragraph 19.

20. In answering paragraph 20, Defendant states that it is unclear what Plaintiff means by "early 2003." Further answering, Defendant admits that discussions occurred regarding Mr. Meara paying off the mortgage and obtaining clear title to the property and denies the remaining allegations contained in paragraph 20.

21. Defendant admits the allegations contained in paragraph 21.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant admits that she was present during some of Mr. Meara's conversations with Plaintiff. Defendant denies the second sentence of paragraph 26.

27. Defendant admits the allegations contained in the first sentence of paragraph 27. Defendant denies the second sentence of paragraph 27.

28. Defendant admits that it was agreed that Plaintiff and Mr. Meara would negotiate the purchase.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 31. Defendant denies the allegations contained in the second and third sentences of paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Defendant admits that she and Mr. Meara paid the real estate tax bills while they lived in the property and denies the remaining allegations contained in the first sentence of paragraph 33. Defendant denies the allegations contained in the second sentence of paragraph 33.

34. Defendant admits that she was aware of the property's value as of January, 2003 and denies the remaining allegations contained in paragraph 34.

35. Defendant admits the allegations contained in paragraph 35. Further answering, Defendant states that the Deed speaks for itself.

36. Defendant admits the allegations contained in paragraph 36. Further answering, Defendant states that the article speaks for itself.

37. Defendant admits that the property was sold to Michael G. Smith and Elizabeth S. Smith for $2,850,088 by Quitclaim Deed on or about August 29, 2003. In answering the second sentence of paragraph 37, Defendant states that the deed speaks for itself.

38. Defendant admits that she and Mr. Meara purchased a house at 190 Flume Avenue in Barnstable, Massachusetts for approximately $885,000 and denies the remaining allegations contained in the first sentence of paragraph 38. In answering the second sentence of paragraph 38, Defendant states that the deed speaks for itself.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 39.

41. The allegations contained in paragraph 41 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 43.

44. The allegations contained in paragraph 44 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 44.

45. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 44.

46. Paragraph 46 contains a legal conclusion to which no response is required.

47. Paragraph 47 contains a legal conclusion to which no response is required.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 51.

53. The allegations contained in paragraph 53 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 53.

54. The allegations contained in paragraph 54 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant states that the Partnership Agreement speaks for itself and denies any allegations in Paragraph 54 that are inconsistent with the document itself.

55. The allegations contained in paragraph 55 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant states that the Partnership Agreement speaks for itself and denies any allegations in Paragraph 55 that are inconsistent with the document itself.

56. The allegations contained in paragraph 56 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 56.

57. The allegations contained in paragraph 57 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 59.

60. The allegations contained in paragraph 60 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. The allegations contained in paragraph 61 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant states that the Partnership Agreement speaks for itself and denies any allegations in Paragraph 61 that are inconsistent with the document itself.

62. The allegations contained in paragraph 62 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 62.

63. The allegations contained in paragraph 63 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant states that it is unclear what Plaintiff means by her "obligations." Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64. The allegations contained in paragraph 64 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 64.

65. The allegations contained in paragraph 65 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 65.

66. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 65.

67. The allegations contained in paragraph 67 pertain to a count against a party other than Defendant to which no response is required. Further answering, paragraph 67 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 67.

68. The allegations contained in paragraph 68 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 68.

69. The allegations contained in paragraph 69 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 69.

70. The allegations contained in paragraph 70 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 70.

71. The allegations contained in paragraph 71 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 71.

72. The allegations contained in paragraph 72 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 72.

73. The allegations contained in paragraph 73 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 73.

74. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 73.

75. The allegations contained in paragraph 75 pertain to a count against a party other than Defendant to which no response is required. Paragraph 75 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 75.

76. The allegations contained in paragraph 76 pertain to a count against a party other than Defendant to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 76.

77. Defendant realleges and reincorporates by reference the allegations contained in paragraphs 1 through 76.

78. Paragraph 78 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 78.

79. Paragraph 79 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 79.

80. Paragraph 80 contains a legal conclusion to which no response is required. Further answering, Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

WHEREFORE, Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted above or from which there was a denial for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### First Affirmative Defense

Plaintiff is estopped by her own conduct from bringing this action.

### Second Affirmative Defense

Plaintiff's claims fail to state claims upon which relief can be granted.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred because she has not suffered any damages.

### Sixth Affirmative Defense

Plaintiff's claims are barred because she has failed to mitigate any damages that she claims to have suffered.

### Seventh Affirmative Defense

Certain of Plaintiff's claims are barred by the applicable statutes of limitation.

### Eighth Affirmative Defense

Plaintiff's fraud claims are barred because she has failed to plead them with particularity.

### Ninth Affirmative Defense

Certain of Plaintiff's claims are barred by the statute of frauds.

### Tenth Affirmative Defense

Plaintiffs' claims are barred because she was paid in full for the property.

## **DEMAND FOR JURY TRIAL**

DEFENDANT BRENDA MEARA HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

BRENDA MEARA

By her attorneys,

Marc C. Laredo, BBO#543973
Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984

Dated: May 17, 2004

## CERTIFICATE OF SERVICE

I, Lisa Cooney, attorney for Defendants William Robert Meara and Brenda Meara hereby certify that on this date I served the above Answer by causing same to be delivered by first class mail to counsel of record as listed below:

Scott L. Machanic, Esq.
Holly Anderson, Esq.
Cunningham, Machanic, Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760

_/s/ Lisa Cooney_
Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984

Dated: May 17, 2004