UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE WRIGHT, Individually and as TRUSTEE, MARTIN'S COVE REALTY TRUST, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM ROBERT MEARA and BRENDA MEARA, <br><br> Defendants. | C.A. No. 04-10211RCL |

**DEFENDANTS WILLIAM ROBERT MEARA AND BRENDA MEARA'S OPPOSITION TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE AND FOR LEAVE TO TAKE DEPOSITION**

Defendants William Robert Meara and Brenda Meara (collectively "Defendants") hereby oppose Plaintiff's Motion to the extent that Plaintiff seeks leave to take the deposition of Hingham Centre, Ltd.[1] As grounds for their opposition, Defendants state that their Motion for Judgment on the Pleadings is currently pending before the Court, thereby making the requested deposition premature and potentially unnecessary. As further grounds for their Opposition Defendants state as follows:

1. This action arises out of an allegedly false oral statement concerning Defendant William Robert Meara's present intent to live in a house for the "foreseeable future" after he purchased the house.

2. On June 28, 2004, Defendants filed their Motion for Judgment on the Pleadings and Plaintiff filed her Opposition on July 6, 2004. Thereafter, the Court postponed the

---

[1] Defendants do not oppose the scheduling of a status conference.

scheduling conference that had been scheduled for July 14, 2004 and informed Defendants' counsel that Defendants' Motion would be heard sometime in the fall.  As of the date of this Opposition, no hearing has been scheduled.  Additionally, the parties agreed to hold off exchanging their required disclosures under Fed. R. Civ. P. 26 as a result of the postponement of the status conference.

3.  Plaintiff's request to take the deposition of Hingham Centre is wholly premature and inappropriate and her fear that documents could be destroyed or that memories could fade does not justify allowing discovery while a dispositive motion is pending before the Court.  Moreover, any factual information helpful to Plaintiff disclosed during the deposition would be irrelevant, as Defendants' Motion argues that even if everything Plaintiff alleges is true, her claim fails as a matter of law.  Therefore, Plaintiff should not be permitted to take this deposition before the Court rules on Defendants' Motion and before the parties exchange their Rule 26 disclosures.

WHEREFORE, for the foregoing reasons, Defendants request that Plaintiff's Motion for Leave to Take Deposition be denied.

WILLIAM ROBERT MEARA
BRENDA MEARA

By their attorneys,

/s/ Lisa Cooney

Marc C. Laredo, BBO#543973
Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984

Dated:  October 18, 2004

2

CERTIFICATE OF SERVICE

      I, Lisa Cooney, attorney for Defendants William Robert Meara and Brenda Meara hereby certify that on this date I filed the within Opposition to Plaintiff's Motion For Status Conference and For Leave to Take Deposition by using the CM/ECF System, which sent notification of such filing, electronically to:

Scott L. Machanic, Esq. at smachanic@cmlaw.net

                                                          /s/ Lisa Cooney
                                                          Lisa Cooney, BBO# 636631
                                                          Laredo & Smith, LLP
                                                          15 Broad Street
                                                          Boston, MA 02109
                                                          617-367-7984

Dated: October 18, 2004