UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10211-RCL

| | |
|---|---|
| SUZANNE WRIGHT, Individually and<br>    As TRUSTEE, MARTIN'S COVE<br>    REALTY TRUST<br>       Plaintiff<br><br>vs<br><br>WILLIAM ROBERT MEARA and<br>BRENDA MEARA,<br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## LOCAL RULE 16.1 JOINT STATEMENT OF THE PARTIES

Pursuant to Fed. R. Civ. P. 26(f) and L.R., D. Mass. 16.1, the parties hereby submit this joint statement:

### Concise Summary of the Positions Asserted by Plaintiff and Defendants

#### Plaintiff

For many years, Defendant Brenda Meara took care of Plaintiff's parents. For five years, ending in March of 1993, she tended to Plaintiff's father, until his death. Defendants lived in Plaintiff's parents' home. Following the death of Plaintiff's parents, on January 1, 1995, Plaintiff and Defendant William Robert Meara entered into a partnership agreement, so that the Defendant could obtain an equity interest in the house where Defendants had lived.

On or about January 15 - 18, 2003, Defendants traveled to California, and met with the Plaintiff to discuss the possible sale of the premises to them. Plaintiff specifically inquired whether the Defendants were planning on selling the property, and suggested that, if the property were to be sold immediately, the sale proceeds should go to the Trust and Partnership. The Defendants denied that they intended to sell the property, and represented that they intended to

live there for the foreseeable future. Based upon, and in reliance on, Defendants' representations that they would not sell the property in the foreseeable future, and that the Defendants would live on the premises for the foreseeable future, Plaintiff agreed to sell the property to the Defendants for Six Hundred Thousand Dollars ($600,000.00).

Two months later, on March 11, 2003, Plaintiff conveyed the property to Defendant William Robert Meara by Quitclaim Deed. Three months thereafter, in June of 2003, the Defendants listed the property for sale with a real estate broker, who advertised the property in a local newspaper. On August 29, 2003, Defendants sold the property for $2,850,000.00.

Plaintiff claims damage of over $ 1,125,000.00 for her loss of half of the fair market value of the house, and has brought claims for fraud, breach of contract, breach of fiduciary duty, and unjust enrichment.

Defendants

Plaintiff bases this action against the Mearas on a single alleged *promise* by Mr. Meara that they would live in her parents' house for the "foreseeable future" after Mr. Meara purchased it. The Mearas deny that they ever made any promises to Plaintiff concerning their intent with regard to the house. Neither Mr. nor Mrs. Meara promised that they would live in the house for the "foreseeable future." Significantly, Plaintiff does not and cannot allege that there was any specified length of time that the Mearas could live in the house before selling it without becoming liable to her for fraud. This alleged promise is inherently vague and is therefore unenforceable.

Defendants expect the evidence to show that in or about January, 1995, Plaintiff and Mr. Meara entered into an agreement which established a realty trust whereby Mr. Meara would purchase the house by making payments to Plaintiff over a twenty-five (25) year period.

Plaintiff and Mr. Meara agreed to establish the purchase price for the house by having three appraisals conducted and taking the highest of the three, which was $600,000. Mr. Meara began making payments to Plaintiff. In 2003, Plaintiff and the Mearas decided to accelerate the process so that Mr. Meara could pay off the balance and purchase the house outright for the $600,000 price they had previously agreed to. Plaintiff does not claim that she was misled as to the value of the property when Mr. Meara purchased it. In fact, Plaintiff admits that she knew that she was selling the property to Mr. Meara outright at less than fair market value.

This transaction was simply the culmination of the deal that Plaintiff and Mr. Meara had entered in 1995, by which he would eventually obtain full ownership of the property. The parties, each of whom were represented by counsel, merely expedited the process and Mr. Meara bought the house for the agreed-upon price. Therefore, Plaintiff will be unable to survive a motion for summary judgment on her remaining fraud, breach of fiduciary duty and unjust enrichment claims.

Finally, there is no support for Plaintiff's claimed damages of $1,125,000. Moreover, a claimed loss of this amount does not appear anywhere in the Second Amended Complaint.

**Proposed Discovery Schedule:**

    1/21/05 - -    Fed. R. Civ. P. 26 (a)(1) Automatic disclosures due to be served, and fact discovery opens.

    2/18/05 - -    Rule 19 and 20 motions filed.

    7/19/05 --    Rule 15 motions filed.

    8/19/05 - -    Close of fact discovery.

    10/14/05 - -    Expert Disclosures under Fed. R. Civ. P. 26(a)(2).

    12/16/05 - -    Discovery completed.

| | |
|---|---|
| 2/10/06 -- | Summary judgment motions filed. |
| 3/10/06 -- | Oppositions to summary judgment filed. |
| 3/24/06 -- | Replies filed. |
| 4/7/06 -- | Hearing on Summary Judgment Motions. |
| 5/5/06 -- | Suggested pretrial conference. |
| 6/5/06 -- | Suggested trial date. |

## Proposed Changes to Discovery Limitations (Fed. R. Civ. P. 26(f)(3))

The parties do not propose to change the discovery limitations set by the Local Rules at this time.

## Magistrate Judge

The parties do not at this time consent to the trial of this matter by a magistrate judge.

## Local Rule 16.1 (C) Settlement Proposal

The plaintiff has already made a settlement proposal pursuant to L.R. D. Mass. 16.1 (c).

## Certification

Certifications signed by counsel and the parties that the respective parties and counsel have conferred as required by L.R., D. Mass. 16.1(D)(3) have been filed separately with the Court.

-5-

Respectfully submitted,

| | |
|---|---|
| Suzanne Wright | William Meara |
| | Brenda Meara |
| By her attorneys: | By their attorneys: |
| /s/ Scott L. Machanic | /s/ Marc Laredo |
| Scott L. Machanic, BBO # 311120 | Marc Laredo, BBO # 543973 |
| Holly B. Anderson, BBO # 649482 | Lisa Cooney, BBO # 636631 |
| CUNNINGHAM, MACHANIC, CETLIN, | LAREDO & SMITH, LLP |
| JOHNSON & HARNEY, LLP | 15 Broad Street, Suite 600 |
| 220 North Main Street | Boston, MA 02109 |
| Natick, MA 01760 | TEL: (617) 367-7984 |
| TEL: (508) 651-7524 | FAX: (617) 367-6475 |
| FAX: (508) 653-0119 | |

Dated: January 7, 2005