UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE WRIGHT, Individually and )
   As TRUSTEE, MARTiN'S COVE )
REALTY TRUST )
   Plaintiff )
)
vs ) CIVIL ACTION NO. 04-10211-RCL
)
WILLIAM ROBERT MEARA and )
BRENDA MEARA, )
   Defendants )

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Now comes the Plaintiff Suzanne Wright and, pursuant to Fed.R.Civ.P. 37 hereby move for an order compelling the Defendants to produce, within 21 days of the Court's ruling on this motion, documents requested in Items 12, 13, 18, 19, 20, 21, 26, 28 and 29 of Plaintiff's First Request for Production of Documents, served on July of 2002, and Items 30 and 31 of Plaintiff's Second Request for Production of Documents, served on . Each item of the Requests subject to this motion, and Defendants' responses, will be set forth below.

This action arises from discussions between Plaintiff and Defendant, in January of 2003, concerning a proposed sales of premises from Plaintiff to Defendants for a low sale price, and Defendants' intentions with respect to living in, or sale of, those premises. Documents from a mortgage broker show that, within 2 months of the discussions, Mr. Meara, in the course of arranging financing for the purchase from Plaintiff, indicated that he intended to sell the premises. The sale to Defendants was effectuated in March; the house listed in June, and the sale to a third party, for a profit in excess of $ 2,000,000, closed in August of 2003.

Plaintiff contends that Defendants, at all times relevant, intended to "flip" the property. Under the claims for fraud, Plaintiff alleges that Defendants represented to

Plaintiff at a meeting in January, 2003, that they intended to live in the house, when they in fact had no such intention. Under the claim for breach of fiduciary duty, whether Defendants made an affirmative misrepresentation is not critical, if the Defendants failed to inform Plaintiff, owed a duty of utmost good faith and loyalty, of their plan to turn a quick, large profit.

## PRODUCTION REQUESTS IN DISPUTE

Item 12

> 12) Any and all correspondence with any residential or commercial real estate brokers, agents, or appraisers, for the period from January 1, 2002 through September 1, 2003.

Response:

> Defendants object to this Request on the grounds that it is overbroad and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendants state that they will produce those non-privileged documents responsive to the Request in their possession, custody or control concerning 21 Martin's Cove Road, Hingham, MA.

If the Defendants were communicating with real estate brokers, agents or appraisers about other locations, that information tends to show that they intended to sell the subject premises on Martin's Cove Road, and that they never intended to live there for any length of time. The relevancy applies whether the Defendants were communicating about selling Martin's Cove, or buying elsewhere.

Plaintiff is entitled to the information, which may lead to the discovery of information about Defendants' true intentions. The time period indicated by the Request, for well less than two years, is circumscribed.

Defendants should be ordered to produce the requested documents.

Item 13

13) Copies of any and all notes of any communications with any residential or commercial real estate brokers, agents, or appraisers for the period from January 1, 2002 through September 1, 2003.

Response:

> Defendants object to this Request on the grounds that it is overbroad and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendants state that they have no non-privileged documents responsive to the Request in their possession, custody or control concerning 21 Martin's Cove Road, Hingham, MA.

While Item 12 asked for correspondence, Item 13 asked for notes of communications with the same classes of people, real estate brokers, during the period from one year before the Defendants promised to live in the home, until one month after they'd purchased their replacement home. These materials are relevant and discoverable for the same reasons addressed in Item 12 above.

Defendants should be ordered to produce the requested documents.

Item 18

    18) Copies of any and all term sheets or offers to lease any commercial property on behalf of the Defendant or any entity in which the Defendant had an ownership interest for the period from January 1, 2001 through September 2, 2003.

Response:

    Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

    Plaintiff believes that Willam Meara had been self-employed, and working from a home office, before in involved purchase and subsequent sale of the home. Plaintiff believes that Mr. Meara leased office space in Boston, and/or elsewhere, around the time of the involved transactions. The timing of the venture into office space may well demonstrate that Mr. Meara anticipated that he would have cash flow from the profits of the real estate sale to support the commercial lease, at the very time he was promising that he was not intending to sell the home.

    The time frame is limited; the documents may well lead to the discovery of admissible evidence.

    Defendants should be ordered to produce the requested documents.

Item 19

    19) Copies of any and all leases for any commercial property signed by the Defendant on his own behalf or on behalf of any entity in which the Defendant had an

ownership interest for the period from January 1, 2001 through September 1, 2003.

Response:

>Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

While Item 18 sought materials which concerned negotiations for commercial space, Item 19 the actual leases. The same arguments are applicable to Items 18 and 19.

Defendants should be ordered to produce the requested documents.

Item 20

20) Copies of any and all long distance telephone bills, both land line and cell phone, for the period from September 1, 2001 through September 1, 2003.

Response:

>Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

The phone bills requested in item 20 will allow Plaintiff to explore the identity of those with whom Defendants were in contact, such as, for example, mortgage brokers, business brokers, and others. They will also show calls to Plaintiff, and arrangements for the trip to California during

which the promise involved was made. The bills are relevant, and should be produced.

Defendants should be ordered to produce the requested documents.

Item 21

21) Copies of any and all invoices from any Visa, MasterCard, Discover Card, American Express Card for the period from July 1, 2001 through August 1, 2003.

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Item 21 asked for charge account records. They are relevant to show, among other things, that the Defendants were already spending beyond their means, and could not afford to pay the mortgage to finance the $ 600,000 purchase price for Martin's Cove. The records may also show purchases consistent with a plan to sell the premises.

Defendants should be ordered to produce the requested documents.

Item 26

26) Copies of any and all address book entries, Rolodex entries, entries in any electronic database such as Microsoft Outlook, or any similar documents which concern, elate to or disclose the address or telephone number for any real estate

brokers located in Hingham, Hull, Weymouth, Cohasset, Scituate, Hanover, Rockland, Norwell, or Marshfield, MA.

Response:

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Item 26 asked for address book entries, etc. for real estate brokers in the towns immediately in the vicinity of Hingham. Plaintiffs are entitled to be able to ask the people whom Defendants knew whether they had any contact about the sale of Martin's Cove, or the purchase of any other property, by your clients. The information is certainly relevant.

Defendants may argue that their address book may contain entries which could be 20 years old. While the entry might be 20 years old, the fact that the name appears in the book indicates that the person might be someone whom Defendants contacted more recently. The name might lead to the discovery of admissible evidence.

Defendants should be ordered to produce the requested documents.

Item 28

28) Copies of any and all address book entries Rolodex entries, entries in any electronic database such as Microsoft Outlook, or any similar documents which concern, relate to or disclose the address or telephone number for any real estate appraisers.

Response:

> Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Item 28 asked for business cards from real estate appraisers. As with brokers, Plaintiff is entitled to ask the people whom Defendants knew whether they had any contact about the value of Martin's Cove, by Defendants. The information is certainly relevant, as such contact implies that the Defendants were contemplating selling the premises.

Again, Defendants may argue that their address book may contain entries which could be 20 years old. While the entry might be 20 years old, the fact that the name appears in the book indicates that the person might be someone whom Defendants contacted more recently. The name might lead to the discovery of admissible evidence.

Defendants should be ordered to produce the requested documents.

Item 29

> 29) A copy of your curriculum vitae or resume for the period from January 1, 2000 to December 31, 2004.

Response:

> Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the

>pending action nor reasonably calculated to lead to the discovery
>of admissible evidence.

Item 29 asked for resumes or CV's. If the Defendant made any change to the way he presented himself or his business around the end of 2002 or early 2003, that would be relevant to show that he was planning on funding his business change from the profit of the sale of the home. The information is relevant.

Defendants should be ordered to produce the requested documents.

Item 30

>30)   All Federal income tax returns for the years 2000, 2001, 2002, and 2003.

Response:

>Defendants object to this Request on the grounds that it is
>overbroad, unduly burdensome and seeks production of documents
>which are neither relevant to the subject matter involved in the
>pending action nor reasonably calculated to lead to the discovery
>of admissible evidence.

Plaintiffs believe that Defendants did not have sufficient income to make the monthly payments required for a mortgage loan for the $ 600,000 purchase of the home. Defendants therefore must have been contemplating a "flip" of the property at all times. The tax returns will likely show that the Defendants' income was in fact insufficient to permit them to buy the property and live in it.

Defendants may attempt to argue that the returns are privileged. The short answer to that claim is that, by not stating the privilege claim in their response, they

have waived it. However, even if such a privilege claim is considered, the returns should still be ordered to be produced.

"[C]opies of federal tax returns on the hands of the taxpayer are not absolutely privileged. *Town Taxi, Inc. v. Police Commissioner of Boston*, 377 Mass. 576, 586-588, 387 NE2d 129, 135-136 (1979). Such returns may be discovered from the taxpayer on a sufficient showing of need." Paul J. Liacos, Mark S. Brodin, Michael Avery, *Handbook of Massachusetts Evidence* (Seventh Ed. 1999) at 839.

As stated above, the tax returns will likely show that the Defendants' income was in fact insufficient to permit them to buy the property and live in it. There is no real alternative source for the information, as the Mr. Meara was self-employed, so there are no records available from any employer or other source. Nor should Plaintiff be forced to accept Defendant's verbal testimony.

The returns will lead to the discovery of admissible evidence. Production should be ordered.

Item 31

31) All W-2 forms, 1099 forms, K-1's, and any and all other documents which were used to prepare the Defendant's Federal income tax returns for the years 2000, 2001, 2002, and 2003.

Response:

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

These documents are relevant for the same reasons as the tax returns themselves, but they are a poor secondary source and will not provide the precise, complete picture contained in the tax returns. They are, however, relevant, and production should be ordered.

Respectfully submitted
Suzanne Wright
By her attorneys

Scott L. Machanic   BBO # 311120
Cunningham, Machanic, Cetlin,
    Johnson & Harney, LLP
220 N. Main Street
Natick, MA 01760
(508) 651-7524

237424

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 5/27/05.
Signed: