**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUZANNE WRIGHT, Individually and ) As TRUSTEE, MARTIN'S COVE ) REALTY TRUST ) Plaintiff ) ) vs ) WILLIAM ROBERT MEARA and ) BRENDA MEARA, ) Defendants ) ) | CIVIL ACTION NO. 04-10211-RCL |

## DEFENDANTS WILLIAM ROBERT MEARA AND BRENDA MEARA'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants William Robert Meara and Brenda Meara (collectively referred to as

"Defendants") respond to Plaintiff's Second Request for the Production of Documents as

follows:

### General Objections

1.    Defendants object to the Introductory and Definitions sections to the
extent that they exceed the requirements imposed by the Federal Rules of
Civil Procedure.

2.    Defendants object to the Introductory and Definitions sections to the
extent that they seek information protected by the attorney-client privilege,
the work-product privilege, or any other privilege protected by law.

3.    Any response which states that documents will be produced, to the extent
they are required, means that Defendants are willing to produce the
requested documents, if they exist and are in Defendants' possession, but
is not to be taken as a representation that such documents exist or are in
Defendants' possession.

Subject to the General Objections, Defendants respond to the specific requests as

follows:

**REQUEST NO. 30**

All Federal income tax returns for the years 2000, 2001, 2002, and 2003.

**RESPONSE NO. 30**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31**

All W-2 forms, 1099 forms, K-1's, and any and all other documents which were used to prepare the Defendant's Federal income tax returns for the years 2000, 2001, 2002, and 2003.

**RESPONSE NO. 31**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32**

All correspondence and/or notes of communications with Damien Grozier during the period from January 1, 2002 until June 1, 2003.

**RESPONSE NO. 32**

Defendants object to this Request on the grounds that it is overbroad and seeks production of documents which are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent that the Request seeks

Defendants' correspondence with and notes of communications with Damien Gorsier,

Defendants state that they have no documents responsive to the Request in their

possession, custody, or control.

**REQUEST NO. 33**

All correspondence and/or notes of communications with James F. Kearney

during the period from January 1, 2002 until June 1, 2003.

**RESPONSE NO. 33**

Defendants object to this Request on the grounds that it is overbroad and seeks

production of documents which are neither relevant to the subject matter involved in the

pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent that the Request seeks

Defendants' correspondence with and notes of communications with James Kearney,

Defendants state that they have no documents responsive to the Request in their

possession, custody, or control.

**REQUEST NO. 34**

All notes of communications with Stuart Ivimey which communications were

made in the presence of anyone in addition to Mr. and Mrs. Meara and/or Attorney

Ivimey.

**RESPONSE NO. 34**

Defendants object to this Request on the grounds that it is overbroad and seeks

production of documents which are neither relevant to the subject matter involved in the

pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent that the Request seeks notes made by Defendants of their communications with Stuart Ivied in the presence of third persons, Defendants state that they have no documents responsive to the Request in their possession, custody, or control.

WILLIAM ROBERT MEARA
BRENDA MEARA

By their attorneys:

Marc Laredo, BBO # 543973
Lisa Cooney, BBO # 636631
LAREDO & SMITH, LLP
15 Broad Street, Suite 600
Boston, MA 02109
TEL: (617) 367-7984
FAX: (617) 367-6475

Dated: April 22, 2005

-4-

-5-

## CERTIFICATE OF SERVICE

I, Lisa Cooney, attorney for Defendants William Robert Meara and Brenda Meara hereby certify that on this date I served the above Responses to Plaintiff's First Request for Production of Documents  by causing same to be delivered by first class mail to counsel of record as listed below:


Scott L. Machanic, Esq.
Cunningham, Machanic, Johnson & Harney, LLP
220 North Main Street
Natick, MA  01760


Lisa Cooney, BBO# 636631
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109
617-367-7984


Dated:  April 22, 2005